﻿Citation Nr: AXXXXXXXX
Decision Date: 05/20/19 Archive Date: 05/20/19

DOCKET NO. 190103-2831
DATE: May 20, 2019

ORDER

Entitlement to service connection for bladder cancer, or residuals thereof, is denied.

REFERRED

The issue of entitlement to an increased rating for bilateral hearing loss was raised in a February 2019 application for benefits and is referred to the Agency of Original Jurisdiction (AOJ) for adjudication.

FINDING OF FACT

The preponderance of the evidence is against finding that bladder cancer, or residuals thereof, began during active service, or is otherwise related to an in-service injury or disease, to include as due to exposure to asbestos and/or to contact with fuel, methyl ethyl ketone, or fumes.

CONCLUSION OF LAW

The criteria for service connection for bladder cancer, or residuals thereof, are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from November 1956 to November 1960. 

The Board notes that the rating decision on appeal was issued in September 2015. In July 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. In January 2019, the AOJ identified a pre-decisional duty to assist error and transferred the appeal to the Supplemental Claim lane for additional development. Accordingly, the January 2019 RAMP rating decision considered the evidence of record prior to issuance of the RAMP rating decision. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Evidence, consisting of VA treatment records, was added to the claims file, in April 2019, during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. 

1. Entitlement to service connection for bladder cancer, or residuals thereof

Service connection may be established for a disability resulting from personal injury suffered or disease contracted in the line of duty in active service or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C.A. §§ 1110, 1131. Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). 

The Veteran primarily contends that his bladder cancer, or residuals thereof, was caused by serving as a jet engine mechanic with direct contact with fuel or fumes. Specifically, in his May 2015 application for benefits, the Veteran claimed service connection for bladder cancer as due to exposure to diesel fuel. In a May 2015 statement, the Veteran reported that, during service he worked for a few months in the tire shop for B-47 bombers and was exposed to asbestos dust when blowing dust out of the wheels, then he worked in fuel systems for about three years where he was in contact with fuels and methyl ethyl ketone. It was indicated that he believed his bladder cancer was due to exposure to the fuel and methyl ethyl ketone as he had a close friend who worked in the same shop and also developed bladder cancer. In a July 2015 statement, the Veteran described that, during service, he was a jet mechanic working in the fuel system repair shop and was always getting diesel fuel on his skin and breathing the fumes. In a March 2016 notice of disagreement, the Veteran reported his skin, mainly his hands and arms, was exposed to diesel fuel throughout his military career as a fuel system repairman primarily on B-47s, that he was not issued any protective gear such as gloves to wear, and that it had been determined that diesel fuel could cause bladder cancer. Thus, although it is unclear if the Veteran intended to claim service connection for bladder cancer as due to asbestos exposure, and only referenced it in a May 2015 statement, the Board has nevertheless considered the claim on the basis of in-service exposure to asbestos and/or to direct contact with fuel, methyl ethyl ketone, or fumes. 

The AOJ, in the January 2019 AMA rating decision, did not make any favorable findings. However, a January 2019 examiner endorsed a diagnosis of a history of bladder cancer and noted the Veteran reported he had been diagnosed with bladder cancer seven to eight years ago. It was also noted that the Veteran reported surgical removal of cancer from his bladder through cystoscopy seven years ago and had been cancer free since. The January 2019 examiner reported the Veteran denied bladder or urinary issues related to bladder cancer. The January 2019 examiner noted that bladder cancer was documented numerous times by primary care providers; however, documentation by urologist or treatment records were not available. Thus, the question in this case is whether a causal relationship or nexus exists between the Veteran’s residuals of bladder cancer and his active service.

However, the Board finds that a preponderance of the evidence weighs against finding a direct causal relationship or nexus between the Veteran’s bladder cancer and residuals thereof, and his active service, to include as due to exposure to asbestos and/or to direct contact with fuel, methyl ethyl ketone, or fumes. The favorable evidence is either not competent or speculative, while the negative evidence is supported by current medical knowledge.

In this regard, the January 2019 examiner opined the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The January 2019 examiner explained that there was no evidence in the claims file that Veteran was diagnosed with bladder cancer while in service and there was no evidence that supported bladder cancer was caused by serving as a jet engine mechanic or possible exposure to fuel/fumes, thus a nexus was not established.

Favorable evidence consists of the Veteran’s own contentions, and prior Board decisions granting service connection claims for other veterans. However, each Board decision is based on review of the evidence of record in a particular claims file and, accordingly, has no precedential value toward adjudication of appeals by other claimants, such as this Veteran, who may appear to be similarly placed. See 38 C.F.R. § 20.1303. Further, the Veteran’s assertions of in-service exposure to asbestos and/or having direct contact with fuel, methyl ethyl ketone, or fumes are credible as his military occupational specialist was a jet aircraft mechanic. Layno v. Brown, 6 Vet. App. 465 (1994). However, there is no evidence in the record which indicates that he possesses the training or credentials to competently conclude that his exposure to asbestos and/or direct contact with fuel, methyl ethyl ketone, or fumes led to the development of bladder cancer after service. Jandreau v. Nicholson, 491 F.3d 1372 (Fed. Cir. 2007). Such is a complex medical determination that is made through the use of clinical evaluations by a medical professional with the specialized education, training, or experience to offer an opinion regarding the etiology of a disease. 

Although the January 2019 examiner did not specifically opine as to whether the bladder cancer was attributable to in-service asbestos exposure, she did find that it was less likely than not that the bladder cancer was incurred in or caused by the claimed in-service injury, event, or illness, and supported that opinion with reference to Veteran’s history of treatment for bladder cancer. The January 2019 opinion was supported by a review of the record and provided a sufficient rationale, thus it is highly probative of the issue of whether the bladder cancer residuals are attributable to service, to include as due to exposure to asbestos and/or to direct contact with fuel, methyl ethyl ketone, or fumes. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Veteran may still be entitled to service connection for residuals of bladder cancer if the evidence establishes that the condition was otherwise incurred in service. 38 C.F.R. § 3.303 (d). However, the evidence does not show, and the Veteran does not assert, that he developed bladder cancer while in service. Specifically, during the January 2019 examination the Veteran reported he was diagnosed with bladder cancer seven to eight years ago, which would provide an onset date in 2011 or 2012, although the Board recognizes the January 2019 examiner generally indicated a diagnosis date in 1998. However, generally consistent with the Veteran’s reported history, a November 2010 private medical record provided an impression of, in part, a bladder tumor, a November 2010 VA surgical report provided a postoperative diagnosis of a bladder tumor, and a December 2010 private medical record documented the Veteran was one week status post transurethral resection of bladder tumor (TURBT) of a left sided bladder tumor.

In this regard, even assuming bladder cancer onset in 1998, which provides the earliest date, such is approximately 38 years after the Veteran’s separation from service in 1960. This long gap between his discharge from service and the onset of bladder cancer is considered to be evidence that weighs against his claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Further, in recognition of the absence of competent evidence tending to show that the Veteran’s bladder cancer is attributable to asbestos exposure and/or to direct contact with fuel, methyl ethyl ketone, or fumes, and in light of the highly probative January 2019 examiner’s opinion, the Board finds that the preponderance of the evidence weighs against a finding that the Veteran’s bladder cancer residuals are otherwise attributable to service, to include as due to exposure to asbestos and/or direct contact with fuel, methyl ethyl ketone, or fumes. 

In short, the Board has reviewed the evidence of record, as well as the pertinent law and regulations, but finds that the preponderance of the evidence is against the Veteran’s claim. In the absence of a nexus, the criteria for service connection for bladder cancer, or residuals thereof, are not met and the appeal must be denied. Thus, service connection for bladder cancer, or residuals thereof, is denied. In reaching the above conclusion the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is 

 

against the Veteran’s claim, that doctrine is not applicable here. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Espinoza, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.